WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Earl Felton Crago, Jr.,

    Plaintiff,

v.

Joseph Pitz, et al.,

    Defendants.

No. CV-19-04532-PHX-ROS (ESW)

**ORDER**

On November 7, 2019, Plaintiff timely filed a "Motion for Court's Leave to Amend Pleadings" (Doc. 25).[1] Plaintiff has lodged a proposed Second Amended Complaint. The proposed Second Amended Complaint complies with LRCiv 15.1 as it indicates in what respect it differs from the First Amended Complaint. Defendants have filed a Response (Doc. 32) opposing the Motion (Doc. 25), and Plaintiff has filed a Reply (Doc. 34).

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F. 3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)). "Generally, this determination should be performed with all

---

[1] The Court set January 2, 2020 as the deadline for filing motions to amend the complaint and to join additional parties. (Doc. 22 at 4).

inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

In its August 5, 2019 Screening Order (Doc. 8 at 7), the Court found that Count One of the First Amended Complaint stated an Eighth Amendment deliberate indifference claim against Defendants Pitz, Larson, and Ryan. The proposed Second Amended Complaint seeks to add five additional Defendants to Count One. In their Response, Defendants assert that Plaintiff's proposed amendments are futile because the proposed Second Amended Complaint "does not allege that the new Defendants were actively involved in any alleged deprivation of the Plaintiff's rights and therefore fails to state a claim under § 1983." (Doc. 32 at 3). However, Plaintiff alleges that "Defendants Pitz, Larson, Ryan, Thompson, McWilliams, Trujillo, Walker, and Standridge acted with deliberate indifference to the Plaintiff's health and safety when they <u>collectively decided</u> to use prison gang members to control and manage the inmate population . . . ." (Lodged Second Amended Complaint at 5) (emphasis added). The Court finds that Plaintiff's proposed amended Count One sufficiently states a deliberate indifference claim against Defendants Pitz, Larson, Ryan, Thompson, McWilliams, Trujillo, Walker, and Standridge for the reasons stated in the Court's Screening Order concerning Count One of the First Amended Complaint. (Doc. 8 at 7). The Court will grant Plaintiff's Motion (Doc. 25) and will direct the Clerk of Court to file the proposed Second Amended Complaint.

Accordingly,

**IT IS ORDERED** granting Plaintiff's "Motion for Court's Leave to Amend Pleadings" (Doc. 25). The Clerk of Court is directed to file the lodged Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Pitz must answer Counts One, Two, and Three of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendants Larson, Ryan, Thompson, McWilliams, Trujillo, Walker, and Standridge must answer Count One of the Second Amended Complaint.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Thompson, McWilliams, Trujillo, Walker, and Standridge.

2. Plaintiff shall complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

5. The United States Marshal must notify Defendants Thompson, McWilliams, Trujillo, Walker, and Standridge of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order. The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

---

[2] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff shall list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(a) Personally serve copies of the Summons, Second Amended Complaint, and this Order, upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 17th day of January, 2020.

*[Signature]*

Honorable Eileen S. Willett
United States Magistrate Judge