Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Facsimile: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com

*Attorneys for Defendants Larson, Pitz, Ryan, Standridge, Trujillo, McWilliams, Thompson and Walker*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Earl Felton Crago,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>Joseph Pitz, et al.,<br><br>　　　Defendants. | NO: 2:19-cv-04532-ROS-ESW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** |

Defendants Larson, Pitz, Ryan, Standridge, Trujillo, McWilliams, Thompson and Walker ("Defendants") respond in opposition to Plaintiff's Motion to Compel.[1] Plaintiff's discovery is not relevant or proportional to the needs of the case, and the burden of the discovery on prison security operations substantially outweighs any negligible benefits it would provide to Plaintiff. Therefore, the Court should deny the Motion to Compel.

**I.　　FACTUAL BACKGROUND**

Plaintiff's Second Amended Complaint ("SAC") arises out of his incarceration at Arizona State Prison Complex-Lewis, Buckley Unit. (SAC at 3B). Plaintiff alleges that Deputy Warden Joseph Pitz held a Town Hall meeting with various Security Threat Group ("STG") inmates. (*Id.* at 3B-3C). During that meeting, Pitz allegedly told the inmates they

---

[1] Defendants contemporaneously submit their Response to Plaintiff's Separate, Distinct Numbered Paragraphs in Support of Plaintiff's Motion to Compel, which specifically addresses each discovery request at issue.

"would not be punished for assaulting inmates who are opening cell doors and roaming the yard." (*Id.*). Plaintiff claims that after this meeting, at Deputy Warden Pitz's instruction, inmates assaulted him on three separate occasions. (*Id.* at 3A).

Plaintiff also makes generalized, unsupported allegations regarding the cell door locks and staffing levels at the Buckley Unit. He alleges that "[t]he cell door locks at Buckley were broken," and that "[i]n 2018, Buckley unit began experiencing chronic problems with understaffing." (*Id.* at 3B). Plaintiff further asserts that "[t]his understaffing combined with the broken door locks led to inmates breaking out of their cells in large numbers roaming the yard assaulting, robbing, and raping weaker inmates." (*Id.*). At no time, however, does Plaintiff allege <u>facts</u> that would show that the "broken" door locks or the understaffing caused the three subject assaults.

The SAC states that the first assault occurred in "late January 2019." (*Id.* at 3D). Plaintiff claims that Inmates Ruiz and Florez came "to plaintiff's cell (3-D-19) and forced the plaintiff into the 3 C/D hallway," where they then assaulted him. (*Id.* at 3D). However, Plaintiff does not allege that his cell door was "broken," that Ruiz's cell door was "broken," or that Florez's cell door was "broken." He states no facts regarding how or under what circumstances Ruiz and Florez came to leave their cells, or how they were able to "force" him out of his cell. Similarly, Plaintiff states no facts regarding the staffing of Buckley Unit on this particular day. He does not allege that an insufficient number of staff caused or contributed to this particular assault.

Plaintiff's allegations regarding the second alleged assault are also factually insufficient. Plaintiff alleges that an inmate named Barnette "came to the plaintiff's cell and told him that his boss CO3 Robinson wanted to see him in her office. Plaintiff followed Barnette into the 3C/D hallway." (*Id.* at 3F). Plaintiff alleges that Barnette then assaulted him. (*Id.*). Once again, he does not allege that that his cell door was "broken" or that Barnette's door was "broken." He makes no allegations about how or under what circumstances Plaintiff or Barnette were able to exit their cells. Plaintiff states no facts

1  regarding the staffing of Buckley Unit at the time of the assault, and does not allege that a
2  shortage of staff caused the assault.

3  The third and final assault allegedly occurred in April 2019. (*Id.* at 3G). This time,
4  Plaintiff alleges that after he "was called into the 3A/B hallway by inmate Steve Antrobus,"
5  another inmate, Eric Samson, "snuck up behind the plaintiff and grabbed him in a chokehold
6  while punching him in the kidney." (*Id.*). Once again, Plaintiff alleges no facts that would
7  show that "broken" door locks had anything to do with this assault. Similarly, he does not
8  allege that a shortage of staff allowed the assault to occur.

9  Plaintiff pleads a single, conclusory statement in attempt to tie allegations of
10 "broken" door locks and understaffing to the three assaults. Specifically, he claims that
11 issues with door locks and staffing "allowed inmates to travel from other buildings and cells
12 and force the plaintiff out of his cell . . . where they then violently assaulted him." (*Id.* at
13 3H). However, conclusory assertions are insufficient to state a claim for relief. *See Ashcroft*
14 *v. Iqbal*, 556 U.S. 662, 678, (2009) ("naked assertions devoid of further factual
15 enhancement" are insufficient to state a claim for relief) (internal quotations omitted).
16 Because Plaintiff does not sufficiently state a claim arising out of door locks or
17 understaffing, his discovery regarding these topics is not relevant or proportional to the
18 needs of the case.

19 **II.    ARGUMENT**
20    **A.    Legal Standard**

21 Fed. R. Civ. P. 26 allows parties to obtain discovery on any non-privileged matter
22 "that is relevant to any party's claim or defense and proportional to the needs of the case,
23 considering the importance of the issues at stake in the action, the amount in controversy,
24 the parties' relative access to relevant information, the parties' resources, the importance of
25 the discovery in resolving the issues, and whether the burden or expense of the proposed
26 discovery outweighs its likely benefit." Courts in this district recognize that prison security
27 is a "legitimate concern" which "justifies a limitation on otherwise appropriate discovery
28 as unduly burdensome." *Pettit v. Ryan*, 2012 U.S. Dist. LEXIS 201110, at *5 (D. Ariz. Dec.

19, 2012). The Court may limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit," especially when prison security is at issue. *Id.*

**B.     Plaintiff Is Not Entitled to The Documents or Information Sought In His Discovery Requests.**

Plaintiff's discovery focuses not on the facts surrounding the three alleged assaults at Buckley Unit, but on general issues of staffing and cell door locks at Lewis Prison as a whole. Because Plaintiff does not actually state a claim arising out of these issues, his discovery requests are not relevant or proportional to the needs of the case in light of the factors set forth in Rule 26(b).

- The Importance of the Issues. General issues of cell door locks and staffing at Lewis Prison have negligible importance to Plaintiff's Second Amended Complaint. This factor weighs against discovery.

- The Amount in Controversy. The amount in controversy is not readily apparent from Plaintiff's Second Amended Complaint.

- Relative Access to Relevant Information. Because the requested information is not actually relevant to Plaintiff's allegations, this factor weighs against discovery.

- The Parties' Resources. While Defendants have the substantial resources of the State of Arizona, producing this information would place a burden on ADCRR's security resources and ability to safely administer the State's prisons.

- The Importance of Discovery in Resolving the Issues. Given the lack of relevance, this discovery has negligible importance in helping the parties resolve the actual issues in the claim. This factor weighs against disclosure

- Whether the Burden or expense of the Proposed Discovery Outweighs Its Likely Benefit. Plaintiff's proposed discovery would create the substantial burden of giving inmates access to communications, memoranda, and reports exchanged between prison officials regarding prison staffing, security devices, and other security issues. Contrary to Plaintiff's assertion, these documents were not published in the Report to the Governor

(Doc. 53-1), and are not otherwise publicly available. Given the "perplexing problem of managing prisons safely," this factor weighs heavily against disclosure. *Pettit*, 2012 U.S. Dist. LEXIS at *8 (citing *Hudson v. Palmer*, 468 U.S. 517, 527 (1984) (noting that prison administration is "at best an extraordinarily difficult undertaking"); *Bell v. Wolfish*, 441 U.S. 520, 548 (courts should ordinarily defer to prison administrators on issues of institutional security)). Additionally, there is no likely benefit to allowing Plaintiff this discovery. Prison-wide issues with staffing or door locks are not relevant to Plaintiff's allegations that he was assaulted in these three alleged circumstances in Buckley Unit.

Thus, there is minimal, if any, benefit to Plaintiff in obtaining this irrelevant discovery. In contrast, there is a substantial burden to Defendants if confidential communications, reports, memoranda, and other documents regarding prison security are disclosed to a current inmate. On balance, the factors set forth in Rule 26(b) weigh against granting any of Plaintiff's discovery.

### III.  CONCLUSION

For the reasons set forth above, and in Defendants' Response to Plaintiff's Separate, Distinct Paragraphs, Defendants request that the Court deny Plaintiff's Motion to Compel.

DATED this 17th day of August 2020.

                                            WIENEKE LAW GROUP, PLC

By: */s/ Laura Van Buren*
Kathleen L. Wieneke
Laura Van Buren
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants Larson, Pitz, Ryan, Standridge, Trujillo, McWilliams, Thompson and Walker*

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

N/A

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

    Earl Crago, ADC# 115357
    ASPC-Safford-Tonto
    896 S. Cook Road
    Safford, AZ 85546
    Plaintiff Pro Per

By:   */s/ Mica Mahler*