Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
Jacob A. Weld, Bar #036932
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Facsimile: (602) 455-1109
kwieneke@wienekelawgroup.com
lvanburen@wienekelawgroup.com
jweld@wienekelawgroup.com

*Attorneys for Defendants Larson, Pitz, Ryan,
Trujillo, Shinn and Thompson*

Christopher D. Thomas (#010482)
Andrea J. Driggs (#023633)
Paul F. Eckstein (#001822)
Janet M. Howe (#034615)
Kelleen Mull (#036517)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000
CThomas@perkinscoie.com
ADriggs@perkinscoie.com
PEckstein@perkinscoie.com
JHowe@perkinscoie.com
KMull@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff
Earl Felton Crago, Jr.*

FILED ✓   LODGED
RECEIVED   COPY

SEP 1 9 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Earl Felton Crago, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Joseph Pitz, et al.,<br><br>Defendant. | No. 2:19-cv-04532-ROS-ESW<br><br>**FINAL JURY INSTRUCTIONS** |

Pursuant to this Court's Order (Doc. 301) and this Court's standing order regarding jury instructions, the parties hereby submit Joint Final Jury Instructions.

The instructions for (i) Causation, (ii) First Amendment — "Citizen" Plaintiff, and (iii) Eighth Amendment — Convicted Prisoner's Claim of Failure to Protect reflect the Court's Orders (Docs. 288, 297). The instruction on Causation also reflects oral modifications by the Court on September 16, 2022.

Plaintiff has proposed a separate instruction regarding a witness' invocation of the Fifth Amendment, which is set forth in a separate filing. Defendants object to the proposed instruction and will file separate briefing on this point.

Defendants reserve all objections previously set forth, including their objections to the instructions for (i) Causation, and (ii) Section 1983 Claim Against Defendant in Individual Capacity — Elements and Burden of Proof. The Court's Order (Doc. 288) noted that Defendants' objection to the instruction for Damages—Proof was also reserved. Defendants object to the Damages—Proof instruction in its current form because Plaintiff did not set forth sufficient evidence regarding the "nature and extent of the injuries."

\* \* \*

**FINAL JURY INSTRUCTIONS**

CLAIMS AND DEFENSES ........................................................................................... 1
BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ............................ 2
TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS ..................................... 3
WHAT IS EVIDENCE ................................................................................................ 4
WHAT IS NOT EVIDENCE ...................................................................................... 5
EVIDENCE FOR LIMITED PURPOSE ...................................................................... 6
DIRECT AND CIRCUMSTANTIAL EVIDENCE ....................................................... 7
RULING ON OBJECTIONS ....................................................................................... 9
CREDIBILITY OF WITNESSES ............................................................................... 10
STIPULATIONS OF FACT ...................................................................................... 11
JUDICIAL NOTICE ................................................................................................ 12
IMPEACHMENT EVIDENCE—WITNESS ............................................................... 13
EVIDENCE IN ELECTRONIC FORMAT ................................................................. 14
DUTY OF JURY .................................................................................................... 16
DUTY TO DELIBERATE ......................................................................................... 17
CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY .............................. 18
COMMUNICATION WITH COURT ......................................................................... 20
RETURN OF VERDICT ........................................................................................... 21
DAMAGES—PROOF ............................................................................................. 22
DAMAGES—MITIGATION .................................................................................... 23
PUNITIVE DAMAGES ............................................................................................ 24
NOMINAL DAMAGES ........................................................................................... 25
SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION ................................... 26
CAUSATION .......................................................................................................... 27
SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF .................................................................. 28
FIRST AMENDMENT - "CITIZEN" PLAINTIFF ..................................................... 29
EIGHTH AMENDMENT — CONVICTED PRISONER'S CLAIM OF FAILURE TO
PROTECT .............................................................................................................. 30

1

**CLAIMS AND DEFENSES**

2    To help you follow the evidence, I will give you a brief summary of the positions

3    of the parties:

4    Plaintiff alleges in Count I that Defendants were deliberately indifferent to his

5    safety in violation of the Eighth Amendment of the United States Constitution in failing to

6    protect him while he was housed as an inmate at the Buckley Unit of the Arizona State

7    Prison Complex-Lewis. Defendants deny their conduct violated the Eighth Amendment.

8    Plaintiff also alleges in Count II that Defendant Pitz retaliated against him in

9    violation of the First Amendment of the United States Constitution. Defendant Pitz denies

10   his conduct violated the First Amendment of the United States Constitution.

11   Finally, in Count III, Plaintiff alleges that, on three separate occasions in 2019,

12   Defendant Pitz instructed prisoners to assault, stab, and strangle Plaintiff because of his

13   complaints. Defendant Pitz denies that his conduct violated the Eighth Amendment of the

14   United States Constitution.

15   Plaintiff seeks damages, declaratory, and injunctive relief. The plaintiff has the

16   burden of proving these claims.

17

18

19

20

21

22

23

24

25

26

27

28

1

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

2      You should decide the case as to each Defendant separately. Unless otherwise

3   stated, the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**WHAT IS EVIDENCE**

2

The evidence you are to consider in deciding what the facts are consists of:

3
      1.      the sworn testimony of any witness;

4
      2.      the exhibits that are admitted into evidence;

5
      3.      any facts to which the lawyers have agreed; and

6
      4.      any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EVIDENCE FOR LIMITED PURPOSE

Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of the out-of-court statements made by inmates Hector Ruiz, Arturo Flores, Kelvin Barnett, and Erik Sampson to Plaintiff Crago. These statements may not be considered for the truth of the statements and may be considered by you only for the purpose of the effect on Plaintiff Crago's state of mind. The evidence may not be considered by you for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

**FIFTH AMENDMENT INFERENCE**

One witness in this matter has invoked his rights under the Fifth Amendment, which protects an individual's rights against self-incrimination.

Because a witness invoked his Fifth Amendment rights, you may or may not draw a negative inference as to whether that individual witness committed the acts about which he has invoked his fifth Amendment rights against self-incrimination. Based on the witness' silence, you may believe that the witness committed a criminal act, or you may choose not to do so.

1

2                    **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

4    such as testimony by a witness about what that witness personally saw or heard or did.

5    Circumstantial evidence is proof of one or more facts from which you could find another

6    fact.  You should consider both kinds of evidence.  The law makes no distinction between

7    the weight to be given to either direct or circumstantial evidence.  It is for you to decide

8    how much weight to give to any evidence.

9          By way of example, if you wake up in the morning and see that the sidewalk is

10   wet, you may find from that fact that it rained during the night.  However, other evidence,

11   such as a turned-on garden hose, may provide a different explanation for the presence of

12   water on the sidewalk.  Therefore, before you decide that a fact has been proved by

13   circumstantial evidence, you must consider all the evidence in the light of reason,

14   experience, and common sense.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### RULING ON OBJECTIONS

2      There are rules of evidence that control what can be received into evidence.  When

3  a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side

4  thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I

5  overrule the objection, the question may be answered, or the exhibit received.  If I sustain

6  the objection, the question cannot be answered, and the exhibit cannot be received.

7      Whenever I sustain an objection to a question, you must ignore the question and

8  must not guess what the answer might have been.

9      Sometimes I may order that evidence be stricken from the record and that you

10  disregard or ignore that evidence.  That means when you are deciding the case, you must

11  not consider the stricken evidence for any purpose.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

- "The parties agree that all material times the Defendants were acting under color of law."

1

**JUDICIAL NOTICE**

2     The Court has decided to accept as proved the fact that:

3

4     Plaintiff Crago filed his first Complaint on June 21, 2019.

5

6     You must accept this fact as true.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not

1   remove the computer or any electronic data [disk] from the jury room, and do not copy

2   any such data.

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so. Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you

1    happen to read or hear anything touching on this case in the media, turn

2    away and report it to me as soon as possible.

3

4        These rules protect each party's right to have this case decided only on evidence

5    that has been presented here in court.  Witnesses here in court take an oath to tell the truth,

6    and the accuracy of their testimony is tested through the trial process.  If you do any

7    research or investigation outside the courtroom, or gain any information through improper

8    communications, then your verdict may be influenced by inaccurate, incomplete, or

9    misleading information that has not been tested by the trial process.  Each of the parties is

10   entitled to a fair trial by an impartial jury, and if you decide the case based on information

11   not presented in court, you will have denied the parties a fair trial.  Remember, you have

12   taken an oath to follow the rules, and it is very important that you follow these rules.

13       A juror who violates these restrictions jeopardizes the fairness of these

14   proceedings, and a mistrial could result that would require the entire trial process to start

15   over.  If any juror is exposed to any outside information, please notify the court

16   immediately.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom Deputy that you are ready to return to the courtroom.

1

**DAMAGES—PROOF**

2    It is the duty of the Court to instruct you about the measure of damages.  By

3    instructing you on damages, the Court does not mean to suggest for which party your

4    verdict should be rendered.

5

6    If you find for the plaintiff, you must determine the plaintiff's damages.  The

7    plaintiff has the burden of proving damages by a preponderance of the evidence.

8    Damages means the amount of money that will reasonably and fairly compensate the

9    plaintiff for any injury you find was caused by the defendant.  You should consider the

10    following:

11

12    The nature and extent of the injuries; and

13    The mental, physical, and emotional pain and suffering experienced and that with

14    reasonable likelihood will be experienced in the future.

15

16    It is for you to determine what damages, if any, have been proved.

17

18    Your award must be based upon evidence and not upon speculation, guesswork or

19    conjecture.

20

21

22

23

24

25

26

27

28

1

**DAMAGES—MITIGATION**

2       The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate

3   means to avoid or reduce damages.

4

5       The Defendants have the burden of proving by a preponderance of the evidence:

6           1.    that the plaintiff failed to use reasonable efforts to mitigate damages;

7                 and

8           2.    the amount by which damages would have been mitigated.

1

## PUNITIVE DAMAGES

2        If you find for the plaintiff, you may, but are not required to, award punitive

3   damages.  The purposes of punitive damages are to punish a defendant and to deter similar

4   acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

5

6        You may award punitive damages only if you find that the defendant's conduct that

7   harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's

8   rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the

9   purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights

10  if, under the circumstances, it reflects complete indifference to the plaintiff's safety or

11  rights, or if the defendant acts in the face of a perceived risk that its actions will violate

12  the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant

13  injures or damages or otherwise violates the rights of the plaintiff with unnecessary

14  harshness or severity, such as by misusing or abusing authority or power or by taking

15  advantage of some weakness or disability or misfortune of the plaintiff.

16

17       If you find that punitive damages are appropriate, you must use reason in setting

18  the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their

19  purposes but should not reflect bias, prejudice, or sympathy toward any party.  In

20  considering the amount of any punitive damages, consider the degree of reprehensibility

21  of the defendant's conduct, including whether the conduct that harmed the plaintiff was

22  particularly reprehensible because it also caused actual harm or posed a substantial risk of

23  harm to people who are not parties to this case.  You may not, however, set the amount of

24  any punitive damages in order to punish a defendant for harm to anyone other than the

25  plaintiff in this case.

26

27

28

## NOMINAL DAMAGES

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

1

2

3

4

5

**SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

# CAUSATION

In order to establish that the acts of each Defendant deprived the Plaintiff of his particular rights under the United States Constitution, as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A defendant may be held liable under § 1983 if:

(1) he is personally involved in the constitutional deprivation, or

(2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.

A defendant may also be held liable under § 1983 as follows:

(1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury;

(2) for culpable action or inaction in training, supervision, or control of subordinates;

(3) for acquiescence in the constitutional deprivation by subordinates; or

(4) for conduct that shows a reckless or callous indifference to the rights of others.

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against Defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Each defendant acted under color of law; and

2. the acts or failure to act of each defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that the defendants acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the instructions for violations of the Eighth and First Amendments of the United States Constitution, your verdict should be for the plaintiff on that claim.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant on that claim.

# FIRST AMENDMENT - "CITIZEN" PLAINTIFF

The Plaintiff has the burden of proving Defendant Pitz deprived him of particular rights under the United States Constitution. In this case, the Plaintiff alleges Defendant Pitz deprived him of his rights under the First Amendment to the Constitution when the Plaintiff, among other things, lost privileges and sustained damage to his person and property after submitting prison grievances.

Under the First Amendment, a prisoner has the right to be free from retaliation by prison officials for filing grievances or complaints. In order to prove Defendant Pitz deprived the plaintiff of this First Amendment right, the Plaintiff must prove all of the following elements by a preponderance of the evidence:

(1) Defendant Pitz took some adverse action against the Plaintiff;

(2) because of;

(3) the Plaintiff's protected conduct; and

(4) such action chilled the Plaintiff's First Amendment rights; and

(5) the adverse action did not reasonably advance a legitimate correctional goal.

Under the second element, the Plaintiff must prove that his exercise of First Amendment rights was a substantial or motivating factor behind any adverse action taken by Defendant Pitz.

Under the third element, protected conduct includes the filing of a grievance or complaint—whether verbal or written, formal or informal.

Under the fourth element, the Plaintiff does not have to show that his speech was actually suppressed, but rather that the adverse action would chill or silence a person of ordinary firmness from future First Amendment activities.

# EIGHTH AMENDMENT —
## CONVICTED PRISONER'S CLAIM OF FAILURE TO PROTECT

As previously explained, the plaintiff has the burden of proving that the acts or failure to act of a defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges defendants deprived him of his rights under the Eighth Amendment to the Constitution by placing him at substantial risk of serious harm or death.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove a defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

> (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) by not taking such measures, the defendant caused the plaintiff's injuries.

With respect to the third element, the defendant's conduct must be both objectively unreasonable and done with a subjective awareness of the risk of harm. In other words, the defendant must have known facts from which an inference could be drawn that there was a substantial risk of serious harm, and the defendant must have actually drawn that inference.

1        Liability must be determined on an individual basis. Therefore, for each defendant

2   against whom the plaintiff seeks to establish liability, he must prove all four elements

3   regarding that defendant.

DATED this 18th day of September 2022.

WIENEKE LAW GROUP, PLC

By: */s/Kathleen L. Wieneke*
Kathleen L. Wieneke
Laura Van Buren
Jacob A. Weld
1225 West Washington Street, Suite 313
Tempe, Arizona 85281

*Attorneys for Defendants Larson, Pitz, Ryan,*
*Trujillo, Shinn and Thompson*


PERKINS COIE LLP

By: */s/ Christopher D. Thomas*
Christopher D. Thomas
Andrea J. Driggs
Paul F. Eckstein
Janet M. Howe
Kelleen Mull
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Plaintiff Earl Felton Crago, Jr.*

1

## **CERTIFICATE OF SERVICE**

2    I hereby certify that on September 18, 2022, I electronically transmitted the attached

3    document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4    Electronic Filing to the following CM/ECF registrants:

5

6    Kathleen L. Wieneke
     Laura Van Buren

7    Jacob A. Weld
     1225 West Washington Street, Suite 313

8    Tempe, Arizona 85288

9    *Attorneys for Defendants Larson, Pitz,*

10   *Ryan, Trujillo, Shinn and Thompson*

11

12   */s/ Shawne Murphy*
     1582225814

13

14

15

16

17

18

19   158291799.1

20

21

22

23

24

25

26

27

28